## No. 775.

### MAYOR AND COUNCIL OF MONROE *vs.* JAMES CAIN ET AL.

In order for this court to take jurisdiction of an appeal from a fine imposed by a mayor of a town under one of its ordinances, it is necessary that the constitutionality or legality of the fine or penalty shall have been contested before the mayor.

The constitutional provisions that prosecutions shall be by indictment or information, and that the accused shall be entitled to trial by jury, are inapplicable to proceedings before a police court to enforce municipal ordinances.

The jurisdiction of this court includes the facts as well as the law in appeals from the imposition of a fine or penalty by a municipal court, if the constitutionality or legality of the fine or penalty has been in contestation in that court. State ex rel Boudrone *v.* Judge, 30 La. Ann. 415, affirmed.

APPEAL from the Mayor's Court of Monroe.

*S. D. McEnery* for the Corporation. *R. Ray* for Defendants.

The defendants were charged with resisting the town constable in the discharge of his official duty. An ordinance of the town enacts, " whosoever shall resist the town constable, or other officer whose duty is to preserve the peace, in the lawful performance of his duty, shall be fined not less than ten nor more than one hundred dollars, or be imprisoned not more than a week." Another ordinance provides that upon inability, refusal, or failure to pay the fine and costs, the recorder shall sentence the culprit to work on the streets or public works until his labor at one dollar per diem shall discharge the fine and costs. The sentence was for each defendant to pay a fine of thirty dollars and costs, and in default of payment, to work on the streets thirty days.

After stating the case, and citing Art. 74 of the Constitution, giving jurisdiction to the Supreme Court of cases in which the constitutionality or legality of a fine, forfeiture, or penalty imposed by a municipal corporation is in contestation,

MARR, J. It is manifest that there was no such contestation in this case, and that precise contestation is an indispensable prerequisite to our appellate jurisdiction.

The Constitution provides that prosecutions shall be by indictment or information; that the accused shall be entitled to a speedy trial by jury, etc., all of which is, necessarily, inapplicable to proceedings in a police court, to enforce municipal ordinances.

It is not, however, every infraction by a municipal corporation of the constitutional rights of the citizen that can be reviewed by this court.

The precise requirement of the Constitution is that the legality or constitutionality of a fine, forfeiture or penalty imposed by a municipal corporation shall be in contestation.

In Boutroue's Case, 30 A. 415, we decided that where the legality or constitutionality of a tax, or of a fine, imposed by a municipal corporation is in contestation, the jurisdiction of this court extends to the questions of fact as well as of law; that the law does not require the justice having original jurisdiction in such cases to take down the testimony of the witnesses in writing; and that the Revised Statutes, section 2086, requires him, on the application of either party, to make out a record containing a complete statement of the facts of the case, and to certify the same to this court.

Our conclusion is that these cases have not been brought within the jurisdiction of this court, as they might have been, because the legality or constitutionality of the ordinance, imposing a penalty for resisting an officer in the discharge of his duty, was not contested or passed upon in the Recorder's Court; and the appeal must, therefore, be dismissed, at the costs of appellants.